By the Court.
 

 The sole question left in the case is whether the individual members of this insurance association are now liable to the beneficiary of the deceased member for the full amount of $1,000, or any other sum.
 

 Counsel for the beneficiary contend that the members of the association must be held liable for the acts of the treasurer of the association, and that, if those acts were negligent in character and resulted in the loss of the amount coming to the beneficiary, then and in that event the members of the association must come forward with the payment of another sum of $2 each in order to make good the loss that arose by reason of the negligence of the treasurer of the association.
 

 Counsel for the individual members of the association insist that each member of the association has paid and fully discharged the only obligation that he ever entered into with the deceased member, that is to say, they paid their $2 each to the treas
 
 *431
 
 urer, and that they cannot now be required to pay $2 each, or any other sum, to make good the loss that the beneficiary has sustained by reason of the negligent acts of the treasurer, as stated, if such acts are found to be negligent. The Court of Appeals entered final judgment in favor of the members of the association, and then, finding that the question of the personal liability of the treasurer evidently had not been properly tried out, the cause was remanded in order that that issue might be properly disposed of in the trial court.
 

 A majority of this court are of the opinion that the action taken by the Court of Appeals wias entirely correct, and that judgment will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Matthias and Day, J<1., concur.